03-CV-05561-CMP

FILED _____ LODGED
_____ RECEIVED
OCT 20 2003
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID CULLERTON, a single person,
                Plaintiff,
v.
BRIAN KEEL and "JANE DOE" KEEL and The marital community thereof, MAUREEN ASHLEY and "JOHN DOE" ASHLEY and the marital community thereof, PAUL STEWART and "JANE DOE" STEWART and the marital community thereof, and BILL CORBETT and "JANE DOE" CORBETT and the marital community thereof,
                Defendants.

NO. CV03-5561 RJB

COMPLAINT

COMES NOW the plaintiff, by and through his attorney Charles W. Lane IV, and complains and alleges as follows:

PARTIES

The plaintiff is a single person and at all time relevant hereto was a resident of Shelton, Mason County, Washington.

The defendant Brian Keel, at all time relevant hereto, was an employee of the Washington State Department of Corrections and acted for the benefit of his marital community.

COMPLAINT - 1

THE LAW OFFICE OF
**CHARLES W. LANE IV, P.L.L.C.**
407 ADAMS STREET SE, SUITE 205
OLYMPIA, WASHINGTON 98501
FACSIMILE (360) 786-9247
**(360) 352-8887**

1  The defendant Maureen Ashley, at all time relevant hereto, was
2  an employee of the Washington State Department of Corrections.
3  The defendant Paul Stewart, at all time relevant hereto, was
4  an employee of the Washington State Department of Corrections.
5  The defendant Bill Corbett, at all time relevant hereto, was
6  an employee of the Washington State Department of Corrections.

## JURISDICTION

Jurisdiction is proper as the plaintiff resides in Mason County, Washington.

All alleged acts occurred in Mason County, Washington, and at all time relevant hereto, the defendants lived in Mason County, Washington, and worked for the Washington State Department of Corrections in Mason County, Washington.

The plaintiff is asserting a claim under 42 U.S.C. 1983.

## FACTS

The plaintiff David Cullerton, was convicted on February 17, 1997, of one count of Rape of a Child in the Second Degree. The plaintiff was sentenced on May 22, 1997, to sixty-five months imprisonment and three years of community supervision.

On January 7, 2002, the Honorable Judge James B. Sawyer, Superior Court Judge for the County of Mason, signed an Order Modifying Judgment and Sentence, eliminating any prohibitions for the plaintiff relating to possession or consumption of alcohol.

On or around February of 2001 Joseph Rosenow murdered Jennie Osborn in Mason County. Mr. Rosenow was a convicted sex offender under the supervision of the Washington State Department of

COMPLAINT - 2

THE LAW OFFICE OF
**CHARLES W. LANE IV, P.L.L.C.**
407 ADAMS STREET SE, SUITE 205
OLYMPIA, WASHINGTON 98501
FACSIMILE (360) 786-9247
**(360) 352-8887**

1  Corrections in Mason County at the time of the murder. Subsequent
2  to this murder, Maureen Ashley the head of the Mason County office
3  of the Washington State Department of Corrections instituted crack
4  down on sex offenders residing in the county, which included the
5  unlawful arrest and detention of convicted sex offenders.
6     On or about July 5, 2002, Mr. Cullerton was arrested by the
7  Washington State Department of Corrections based upon a warrant
8  filed by Department of Corrections employee and Community
9  Corrections Officer Brain Keel.  Mr. Keel filed this warrant after
10 conferring with his supervisor, Maureen Ashley, who instructed him
11 to arrest Mr. Cullerton.  The basis for the warrant was a Notice of
12 Violation filed by Mr. Keel on July 5, 2002, alleging that the
13 plaintiff failed to reside at a location and under arrangements
14 that had been pre-approved by his Community Correction Officer
15 (CCO).  Acting supervisor Paul Stewart approved the Notice of
16 Violation. Included in the Notice of Violation filed by Mr. Keel is
17 the acknowledgement that the violation was not a willful violation.
18    When the plaintiff was brought before the court, Mr. Keel, on
19 the record, indicated that he was aware that it was an unwillful
20 violation, and that the plaintiff was transient.  However, he
21 requested that the plaintiff be held in custody.
22    The judge released Mr. Cullerton due to the fact that there
23 was no valid legal reason to hold him in custody.
24    Mr. Cullerton was then arrested on July 15, 2002, on a warrant
25 filed by DOC employee Bill Corbett.  On July 18, 2002, DOC employee
26 Brian Keel filed a Notice of Violation, alleging the plaintiff

COMPLAINT - 3

THE LAW OFFICE OF
CHARLES W. LANE IV, P.L.L.C.
407 ADAMS STREET SE, SUITE 205
OLYMPIA, WASHINGTON 98501
FACSIMILE (360) 786-9247
(360) 352-8887

possessed or consumed alcohol, a prohibition specifically eliminated by a court order entered January 7, 2002.

All actions taken by department of Corrections employees were done at the direction and supervision of defendant, Maureen Ashley and Paul Stewart and under the color of law.

## CAUSES OF ACTION

## 42 U.S.C. 1983

The plaintiff alleges that his constitutional right guaranteed by the Fourth Amendment of the Constitution of the United States, which protects its citizens from unreasonable searches and seizures, was violated when the defendants acting under the color of State authority knowingly had the plaintiff arrested when a reasonable CCO would have known that his actions violated the plaintiff's civil rights.

Maureen Ashley failed to properly train or supervise her staff By instructing them to unlawfully arrest sex offenders.

Maureen Ashley, Brian Keel, Bill Corbett and Paul Stewart abused or misused their authority by following Maureen Ashley's instruction to unlawfully arrest sex offenders. Their behavior showed a deliberate indifference.

## CONCLUSION

WHEREFORE, Plaintiff prays that judgment be entered against each of the Defendants herein in an amount, which will be proven at trial. The Plaintiff requests as follows:

COMPLAINT - 4

THE LAW OFFICE OF
**CHARLES W. LANE IV, P.L.L.C.**
407 ADAMS STREET SE, SUITE 205
OLYMPIA, WASHINGTON 98501
FACSIMILE (360) 786-9247
**(360) 352-8887**

1. To be awarded punitive damages allowable under 42 U.S.C 1983, because of the Defendants callous disregard for the plaintiff's constitutional rights and to deter them from similar conduct in the future.
2. General damages for the pain, suffering, emotional distress, humiliation, and loss of liberty in an amount to be proven at time of trial.
3. Awarding the plaintiff interest as permitted by law, costs of this suit, attorney's fees, and any further relief the court deems proper.

DATED this 24th day of September, 2003

_____
Charles w. Lane IV, WSBA 25022
Attorney for Plaintiff

I have read the foregoing and certify that the information is true to the best of my knowledge

Signed this      day of September, 2003 at Shelton, Washington.

_____
David Cullerton

COMPLAINT - 5

THE LAW OFFICE OF
CHARLES W. LANE IV, P.L.L.C.
407 ADAMS STREET SE, SUITE 205
OLYMPIA, WASHINGTON 98501
FACSIMILE (360) 786-9247
(360) 352-8887